UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THEODORE MACON CARRINGTON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:25-cv-02926 (UNA) |
| v. | ) | |
| | ) | |
| JEH CHARLES JOHNSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and his Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP Application,[1] and for the reasons discussed below, dismisses this case without prejudice.

Plaintiff, who currently civilly committed and designated to Butner Federal Medical Center, sues an assortment of Defendants, including an attorney, a law firm, a consulting company and its owner, a U.S. Senator, and the U.S. Department of Justice. *See* Compl. at 1–4. He does not provide addresses for many of the Defendants, in contravention of D.C. Local Civil Rule 5.1(c)(1), (g). *See id.* at 3–4.

The allegations themselves fare no better. Notably, "[a] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[1] Plaintiff attests that he is currently civilly committed, *see* Compl. at 2.; therefore, the Court does not require a certified copy of his trust fund account statement, *see* 28 U.S.C. § 1915(a)(2), because that provision of the PLRA is inapplicable to him, *see Vandivere v. Lynch*, No. 16-cv-1594, 2016 WL 11716441, at *1 (D.D.C. Aug. 30, 2016) (citing cases); *Ardaneh v. U.S. Gov't*, No. 19-1786, 2020 WL 7316123, at *3 (D.D.C. Dec. 11, 2020) (same) (citing cases), *aff'd*, 848 Fed. Appx. 7 (D.C. Cir. 2021) (per curiam).

A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the instant Complaint falls squarely into this category.

Plaintiff alleges that, in 2020, he was working as a "freelance consultant," and witnessed the "biggest, illegal, election power grab in U.S. history." Compl. at 5. He contends that bad actors took advantage of the "chaos and lockdowns of the COVID-19 epidemic" to falsify the 2020 Presidential Election, because "who ever controls the computers controls the election." *See id.* at 5–6. Plaintiff allegedly attempted to notify Congress of this purported scheme, and thereafter, "troubles started" for him. *See id.* at 6. To silence Plaintiff and to execute their "cover-up," the bad actors allegedly poisoned Plaintiff twice, and no medical providers agreed to treat him for such poisoning, and he was allegedly also unfairly arrested. *See id.* at 8–9. He demands $39 billion in damages. *See id*. at 9.

The Court cannot exercise subject matter jurisdiction over Plaintiff's frivolous Complaint. *See Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). Indeed, as here, a court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981).

For these reasons, the Complaint, ECF No. 1, and this case, are dismissed without prejudice. Plaintiff's Motion to Admit Federal Code Violations, ECF No. 3, is denied as moot. A separate Order accompanies this Memorandum Opinion.

Date: December 1, 2025

TREVOR N. McFADDEN
United States District Judge